# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

ERIC KEITH DUNMIRE,
  *Defendant-Appellant.*

No. 00-4555

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-99-124)

Submitted: January 19, 2001

Decided: February 6, 2001

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Keith Loren Kimball, COLGAN & KIMBALL, Virginia Beach, Virginia, for Appellant. Helen F. Fahey, United States Attorney, James Ashford Metcalfe, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Eric Keith Dunmire appeals the denial of his motion to suppress all evidence against him in connection with his plea of guilty to one count of being a felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West 2000). We affirm.

In reviewing a motion to suppress, we review the legal conclusions de novo, *Ornelas v. United States*, 517 U.S. 690, 699 (1996), and the factual findings for clear error, *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992), taken in the light most favorable to the party prevailing below. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). On appeal, Dunmire argues that police lacked reasonable suspicion to stop him for questioning in connection with a series of crimes committed in the area in which he was driving, in that he had committed no present crime or traffic offense to warrant the stop. However, police may stop an individual briefly for questioning based on reasonable suspicion that they are wanted in connection with prior felonies. *United States v. Hensley*, 469 U.S. 221, 229 (1985). The district court's factual findings that Dunmire was driving evasively, late at night, in the area where the crimes under investigation had been committed, and that he and his vehicle matched the descriptions victims of the crimes provided police, were sufficient to justify a finding of reasonable suspicion necessary to stop Dunmire in connection with those prior crimes. Accordingly, we find there was reasonable suspicion sufficient to justify the investigative stop of Dunmire.

Alternatively, Dunmire contends that the stop escalated into a seizure without probable cause, in that police surrounded his car and physically blocked his ability to drive away with a police vehicle, thereby preventing him from leaving, and questioned him for approximately ten minutes. However, this Court has previously held that police may block a vehicle's progress without converting a stop based on reasonable suspicion into a seizure or arrest requiring probable cause. *United States v. Manbeck*, 744 F.2d 360, 377 (4th Cir. 1984). Furthermore, a defendant cannot credibly contend that the duration of a proper stop converted the stop into an unlawful seizure where, as here, the defendant's own conduct delayed conclusion of the stop.

*United States v. Sharpe*, 470 U.S. 675, 686 (1985). The district court's findings that Dunmire was evasive and uncooperative during his questioning indicate that the police were justified in prolonging the investigative stop, and therefore no probable cause was required for them to do so. Finding no reversible error, we affirm the district court's denial of Dunmire's motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*